**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 220294-U

Order filed March 7, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| ELSA TRONSRUE, n/k/a Elsa Toledo | ) | Du Page County, Illinois. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | Appeal No. 3-22-0294 |
| and | ) | Circuit No. 90-D-1150 |
| | ) | |
| GEORGE TRONSRUE, | ) | |
| | ) | The Honorable |
| Respondent-Appellant. | ) | Alexander F. McGimpsey III, |
| | ) | Judge, presiding. |

PRESIDING JUSTICE McDADE delivered the judgment of the court.
Justice Holdridge concurred in the judgment.
Justice Albrecht dissented.

**ORDER**

¶ 1   *Held*:  The circuit court did not err when it held the respondent in indirect civil contempt and ordered him to pay contempt-related attorney fees.

¶ 2   In 1990, the petitioner, Elsa Tronsrue, filed for a dissolution of her marriage to the respondent, George Tronsrue. The dissolution was finalized in 1992 and the order included an agreement by the parties that Elsa would receive monthly payments equal to a percentage of

George's Army disability retirement pay and Veterans Administration disability benefits. Twenty-seven years later, in 2019, George petitioned the circuit court to terminate the monthly payments, alleging that the order was void because the court lacked jurisdiction in 1992 to divide his federal benefits. The court granted Elsa's motion to dismiss George's petition. It also found George in indirect civil contempt for failing to comply with the parties' agreement regarding the monthly payments and awarded contempt-related attorney fees. On appeal, George argues that the court erred when it ordered him to pay contempt-related attorney fees. We affirm.

¶ 3                                I. BACKGROUND

¶ 4        Elsa and George married in 1978. Elsa filed for divorce in 1990. The circuit court's judgment for dissolution of marriage was entered in July 1992 and incorporated the parties' marital settlement agreement, which, among other things, addressed George's Army disability retirement pay and his Veterans Administration (VA) disability benefits, both of which he began to draw during the parties' marriage. In part, that section of the agreement stated:

> "The Parties agree that based upon the Court's ruling that 37.2% of Husband's Army Disability Retirement pay and V.A. disability pension is marital that Wife shall receive an amount equal to 18.6% of Husband's Army Disability Retirement pay and 18.6% of Husband's V.A. disability pension payable to Wife pursuant to the applicable sections of the Uniformed Services Former Spouses Protection Act. If for any reason the United States Army and the V.A. will not withhold the appropriate amounts and send them directly to Wife then Husband shall pay directly to Wife 18.6% of his Army Disability Retirement pay and 18.6% of his V.A. Disability Pension each and every month upon entry of Judgment For Dissolution for as long as he receives said pay."

George did not timely appeal any issue regarding the order of dissolution.

2

¶ 5        In 2019, George filed a petition to modify or terminate the monthly payments, alleging that the circuit court "did not have jurisdiction to order the division" of his federal benefits. In response, Elsa filed a motion to dismiss, alleging in part that George's petition was an untimely collateral attack on the 1992 judgment. She also filed a petition for adjudication of indirect civil contempt in which she alleged that George never adjusted his monthly payments to her despite his Army disability retirement pay and Veterans disability benefits increasing over time.

¶ 6        In January 2020, the circuit court entered an order granting Elsa's motion to dismiss. George filed a separate appeal from that order that we addressed in *In re Marriage of Tronsrue*, 2024 IL App (3d) 220125.  In that appeal, we rejected George's argument that the 1992 circuit court order was void for a lack of subject-matter jurisdiction. *Id.* ¶ 17.

¶ 7        The circuit court held a hearing on Elsa's petition for adjudication of indirect civil contempt on November 2, 2020, which resulted in the court entering a contempt order against George. Specifically, the court found that George had not complied with the terms of the parties' 1992 agreement. Further, the court ordered that a partial purge would require George to provide documentation of his related financials since July 6, 1992. Documentation was later provided by George.

¶ 8        After the purge amount was set by the court in 2022, Elsa was allowed to file a petition for contempt-related attorney fees. That petition was later granted, and the amount was set at $24,939.

¶ 9        George appealed.

¶ 10                                    II. ANALYSIS

¶ 11        George's sole argument in this appeal is that the circuit court erred when it ordered him to pay contempt-related attorney fees. He claims that he had a compelling reason not to comply with the 1992 dissolution judgment—namely, that the portion of the judgment related to his Army

3

disability retirement pay and his VA disability benefits was void. He raises no other challenge to the contempt finding.

¶ 12    We review contempt orders for an abuse of discretion. *Western States Insurance Co. v. O'Hara*, 357 Ill. App. 3d 509, 515 (2005).

¶ 13    In George's related appeal, we held that the 1992 dissolution order was not void. *Tronsrue*, 2024 IL App (3d) 220125, ¶ 17. Because that order was not void, George was obligated to make the payments as directed in the order, and the circuit court found his intentional failure to do so was contempt. Such a finding is consistent with the applicable law and does not constitute an abuse of discretion. Accordingly, we reject George's argument.

¶ 14                              III. CONCLUSION

¶ 15    The judgment of the circuit court of Du Page County is affirmed.

¶ 16    Affirmed.

¶ 17    JUSTICE ALBRECHT, dissenting:

¶ 18    I dissented in this appeal's companion case, No. 3-22-0125, and I dissent in this case as well. *In re Marriage of Tronsrue*, 2024 IL App (3d) 220125 (Albrecht, J., dissenting).

¶ 19    For the reasons I set forth in my dissent in No. 3-22-0125, I disagree that the 1992 order was not void. Furthermore, because I would conclude the judgment to be in error, I would also reverse the circuit court's ruling that George was in contempt and its decision to impose fees and costs against him.

¶ 20    The issue of fees and costs hinges entirely on our determination of whether the military disability pay could be divided through the marital settlement agreement. If the provision in the agreement is enforceable, fees and costs must be awarded; however, if the provision is void, George had compelling justification not to follow the order and attorney fees should not be

4

imposed. See 750 ILCS 5/508(b) (West 2020). Because I would hold that the provision of the marital settlement agreement the court sought to enforce is void, I would also hold that George had a compelling cause or justification in refusing to comply. Therefore, the court erred in awarding attorney fees and costs when George was able to establish just cause.